UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

CHARLES R. GREFER,

                         Plaintiff,

                                                    5:23-CV-0172
v.                                                  (GTS/ATB)

DET. F. CORNELIUS, Cayuga Cty. Sheriff's Dept.,

                         Defendant.
_____

CHARLES R. GREFER,

                         Plaintiff,

                                                    5:23-CV-0176
v.                                                  (GTS/ATB)

CAYUGA COUNTY SHERIFF SCHENK,

                         Defendant.
_____

CHARLES R. GREFER,

                         Plaintiff,

                                                    5:23-CV-0177
v.                                                  (GTS/ATB)

CAYUGA COUNTY and
LLOYD E. HASKINS, Cayuga Cty. Executive,

                         Defendants.
_____

CHARLES R. GREFER,

                         Plaintiff,

                                                    5:23-CV-0179
v.                                                  (GTS/ATB)

C. VALDINA, Cayuga Cty. Chief ADA,

                         Defendant.
_____

APPEARANCES:

CHARLES R. GREFER, 20489
    Plaintiff, *Pro Se*
Cayuga County Jail
7445 County House Road
Auburn, New York 13021

GLENN T. SUDDABY, United States District Judge

## DECISION and ORDER

Currently before the Court, in the four above-captioned *pro se* civil rights actions filed by Charles R. Grefer ("Plaintiff") against Cayuga County, the Cayuga County Executive, an Assistant District Attorney, and two employees of the Cayuga County Sheriff's Department ("Defendants"), are the following: (1) Plaintiff's motions to proceed *in forma pauperis* (*Cornelius*, Dkt. No. 5; *Schenk*, Dkt. No. 5; *Cayuga County*, Dkt. No. 4; *Valdina,* Dkt. Nos. 2, 5); (2) Plaintiff's motion for default judgment (*Cayuga County*, Dkt. No. 5); (3) United States Magistrate Judge Andrew T. Baxter's consolidated Report-Recommendation recommending that Plaintiff's motions to proceed *in forma pauperis* be denied because of the "Three Strikes Rule" set forth in 28 U.S.C. § 1915(g), that Plaintiff's motion for default judgment be denied without prejudice as premature, and that (unless Plaintiff pays the Court's filing fee within the next 30 days) each action be dismissed without prejudice (*Cornelis*, Dkt. No. 8; *Schenk*, Dkt. No. 9; *Cayuga County*, Dkt. No. 9; *Valdina,* Dkt. No. 9); (4) Plaintiff's Objections to the Report-Recommendation (*Cornelius,* Dkt. No. 13; *Schenk*, Dkt. No. 14; *Cayuga County,* Dkt. No. 14); (5) Plaintiff's motions to transfer the venue of the actions back to the Western District of New York (*Cornelius,* Dkt. No. 12; *Schenk*, Dkt. No. 13; *Cayuga County,* Dkt. No. 13; *Valdina,* Dkt. No. 13); (6) Plaintiff's letter-motions requesting permission to file new actions (*Cornelius,* Dkt.

2

No. 15; *Schenk*, Dkt. No. 16; *Cayuga County,* Dkt. No. 16; *Valdina,* Dkt. No. 15); and (7)

Plaintiff's letter-motions requesting an extension of time to file a Notice of Appeal (*Cornelius,*

Dkt. No. 16; *Schenk*, Dkt. No. 17; *Cayuga County,* Dkt. No. 17; *Valdina,* Dkt. No. 16).

For the reasons set forth below, Magistrate Judge Baxter's Report-Recommendation is

accepted and adopted in its entirety: Plaintiff's motions to proceed *in forma pauperis* are denied;

Plaintiff's motion for default judgment is denied without prejudice; and each of Plaintiff's

Complaints shall be dismissed, without further Order of this Court, unless Plaintiff pays the

Court filing fee within the next 30 days.  In addition, Plaintiff's motions to transfer the venue of

the actions back to the Western District of New York are denied without prejudice; Plaintiff's

letter-motions requesting leave to file a new action are denied without prejudice; and Plaintiff's

letter-motions requesting an extension of time to file a Notice of Appeal are denied without

prejudice.

## I.        STANDARD OF REVIEW

When a *specific* objection is made to a portion of a magistrate judge's report-

recommendation, the Court subjects that portion of the report-recommendation to a *de novo*

review.  Fed. R. Civ. P. 72(b)(2); 28 U.S.C. § 636(b)(1)(C).  To be "specific," the objection must,

with particularity, "identify [1] the portions of the proposed findings, recommendations, or report

to which it has an objection and [2] the basis for the objection."  N.D.N.Y. L.R. 72.1(C).[1]  When

---

[1]        *See also Mario v. P&C Food Markets, Inc.*, 313 F.3d 758, 766 (2d Cir. 2002)
("Although Mario filed objections to the magistrate's report and recommendation, the statement
with respect to his Title VII claim was not specific enough to preserve this claim for review. The
only reference made to the Title VII claim was one sentence on the last page of his objections,
where he stated that it was error to deny his motion on the Title VII claim '[f]or the reasons set
forth in Plaintiff's Memorandum of Law in Support of Motion for Partial Summary Judgment.'
This bare statement, devoid of any reference to specific findings or recommendations to which he

performing such a *de novo* review, "[t]he judge may . . . receive further evidence. . . ." 28 U.S.C. § 636(b)(1).  However, a district court will ordinarily refuse to consider evidentiary material that could have been, but was not, presented to the magistrate judge in the first instance.[2]  Similarly, a district court will ordinarily refuse to consider argument that could have been, but was not, presented to the magistrate judge in the first instance.  *See Zhao v. State Univ. of N.Y.*, 04-CV-0210, 2011 WL 3610717, at *1 (E.D.N.Y. Aug. 15, 2011) ("[I]t is established law that a district judge will not consider new arguments raised in objections to a magistrate judge's report and recommendation that could have been raised before the magistrate but were not.") (internal quotation marks and citation omitted); *Hubbard v. Kelley*, 752 F. Supp.2d 311, 312-13 (W.D.N.Y. 2009) ("In this circuit, it is established law that a district judge will not consider new arguments raised in objections to a magistrate judge's report and recommendation that could have been raised before the magistrate but were not.") (internal quotation marks omitted).

When only a *general* objection is made to a portion of a magistrate judge's

---

objected and why, and unsupported by legal authority, was not sufficient to preserve the Title VII claim.").

    [2]    *See Paddington Partners v. Bouchard*, 34 F.3d 1132, 1137-38 (2d Cir. 1994) ("In objecting to a magistrate's report before the district court, a party has no right to present further testimony when it offers no justification for not offering the testimony at the hearing before the magistrate.") [internal quotation marks and citations omitted]; *Pan Am. World Airways, Inc. v. Int'l Bhd. of Teamsters*, 894 F.2d 36, 40, n.3 (2d Cir. 1990) (finding that district court did not abuse its discretion in denying plaintiff's request to present additional testimony where plaintiff "offered no justification for not offering the testimony at the hearing before the magistrate"); *cf. U. S. v. Raddatz*, 447 U.S. 667, 676, n.3 (1980) ("We conclude that to construe § 636(b)(1) to require the district court to conduct a second hearing whenever either party objected to the magistrate's credibility findings would largely frustrate the plain objective of Congress to alleviate the increasing congestion of litigation in the district courts."); Fed. R. Civ. P. 72(b), Advisory Committee Notes: 1983 Addition ("The term 'de novo' does not indicate that a secondary evidentiary hearing is required.").

Case 5:23-cv-00179-GTS-ATB   Document 17   Filed 09/08/23   Page 5 of 11

report-recommendation, the Court subjects that portion of the report-recommendation to only a *clear error* review.  Fed. R. Civ. P. 72(b)(2),(3); Fed. R. Civ. P. 72(b), Advisory Committee Notes: 1983 Addition; *see also Brown v. Peters*, 95-CV-1641, 1997 WL 599355, at *2-3 (N.D.N.Y. Sept. 22, 1997) (Pooler, J.) [collecting cases], *aff'd without opinion*, 175 F.3d 1007 (2d Cir. 1999).  Similarly, when an objection merely reiterates the *same arguments* made by the objecting party in its original papers submitted to the magistrate judge, the Court subjects that portion of the report-recommendation challenged by those arguments to only a *clear error* review.[3]  Finally, when *no* objection is made to a portion of a report-recommendation, the Court subjects that portion of the report-recommendation to only a *clear error* review.  Fed. R. Civ. P. 72(b), Advisory Committee Notes: 1983 Addition.  When performing such a "clear error" review, "the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation."  *Id*.[4]

After conducting the appropriate review, the Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge."  28 U.S.C. §

---

[3]    *See Mario*, 313 F.3d at 766 ("Merely referring the court to previously filed papers or arguments does not constitute an adequate objection under either Fed. R. Civ. P. 72(b) or Local Civil Rule 72.3(a)(3)."); *Camardo v. Gen. Motors Hourly-Rate Emp. Pension Plan*, 806 F. Supp. 380, 382 (W.D.N.Y. 1992) (explaining that court need not consider objections that merely constitute a "rehashing" of the same arguments and positions taken in original papers submitted to the magistrate judge); *accord, Praileau v. Cnty. of Schenectady*, 09-CV-0924, 2010 WL 3761902, at *1, n.1 (N.D.N.Y. Sept. 20, 2010) (McAvoy, J.); *Hickman ex rel. M.A.H. v. Astrue*, 07-CV-1077, 2010 WL 2985968, at *3 & n.3 (N.D.N.Y. July 27, 2010) (Mordue, C.J.); *Almonte v. N.Y.S. Div. of Parole*, 04-CV-0484, 2006 WL 149049, at *4 (N.D.N.Y. Jan. 18, 2006) (Sharpe, J.).

[4]    *See also Batista v. Walker*, 94-CV-2826, 1995 WL 453299, at *1 (S.D.N.Y. July 31, 1995) (Sotomayor, J.) ("I am permitted to adopt those sections of [a magistrate judge's] report to which no specific objection is made, so long as those sections are not facially erroneous.") (internal quotation marks and citations omitted).

636(b)(1)(C).

## II.     ANALYSIS

### A.     Magistrate Judge Baxter's Report-Recommendation

After carefully reviewing the relevant papers herein, including Magistrate Judge Baxter's thorough Report-Recommendation, the Court can find no error in those parts of the Report-Recommendation to which Plaintiff has specifically objected, and no clear error in the remaining parts of the Report-Recommendation: Magistrate Judge Baxter employed the proper standards, accurately recited the facts, and reasonably applied the law to those facts.  As a result, the Report-Recommendation is accepted and adopted in its entirety for the reasons stated therein. (*Cornelis*, Dkt. No. 8; *Schenk*, Dkt. No. 9; *Cayuga County*, Dkt. No. 9; *Valdina,* Dkt. No. 9). Accordingly, Plaintiff's motions to proceed *in forma pauperis* (*Cornelius*, Dkt. No. 5; *Schenk*, Dkt. No. 5; *Cayuga County*, Dkt. No. 4; *Valdina,* Dkt. Nos. 2, 5) are denied.  Each of Plaintiff's Complaints (*Cornelis*, Dkt. No. 1; *Schenk*, Dkt. No. 1; *Cayuga County*, Dkt. No. 1; *Valdina,* Dkt. No. 1) shall be dismissed without prejudice, and without further Order of this Court, unless Plaintiff pays the Court filing fee within the next 30 days.  Furthermore, Plaintiff's motion for default judgment (*Cayuga County*, Dkt. No. 5) is denied without prejudice as premature.

### B.     Plaintiff's Three Additional Motions

With regard to first of the three sets of additional motions that Plaintiff filed after the issuance of the Report-Recommendation, Plaintiff's motions to transfer the venue of the actions back to the Western District of New York (*Cornelius,* Dkt. No. 12; *Schenk*, Dkt. No. 13; *Cayuga County,* Dkt. No. 13; *Valdina,* Dkt. No. 13) are denied without prejudice as unsupported by a showing of cause.  Nothing in Plaintiff's motions persuades the Court that Chief U.S. District

Judge Elizabeth A. Wolford of the Western District of New York erred when, on February 7,

2023, she issued an Order transferring these actions to the Northern District of New York.

(*Cornelius,* Dkt. No. 6; *Schenk*, Dkt. No. 6; *Cayuga County,* Dkt. No. 6; *Valdina,* Dkt. No. 6.)

Similarly, Plaintiff's letter-motions requesting leave to file a new action (*Cornelius,* Dkt.

No. 15; *Schenk*, Dkt. No. 16; *Cayuga County,* Dkt. No. 16; *Valdina,* Dkt. No. 15) are denied

without prejudice as unsupported by a showing of cause. Although Plaintiff argues that he is

"subject to a sanction that prohibits me from filing new actions in this Court without first

obtaining permission from the Court" (*id.*), he is not in fact subject to that sanction, because it

has not yet been issued, as explained on pages 9 and 10 of the Report-Recommendation, which

merely "cautioned" Plaintiff. (*Cornelis*, Dkt. No. 8, at 9-10; *Schenk*, Dkt. No. 9, at 9-10; *Cayuga*

*County*, Dkt. No. 9, at 9-10; *Valdina,* Dkt. No. 9, at 9-10.) Moreover, if such a sanction were

issued, it would likely come in the form of a District-wide "Pre-Filing Order," which would

require that, at the time of filing, he was either represented by counsel or had obtained the

permission of the *Chief Judge* (to proceed *pro se*).[5]

Finally, Plaintiff's letter-motions requesting an extension of time to file a Notice of

Appeal (*Cornelius,* Dkt. No. 16; *Schenk*, Dkt. No. 17; *Cayuga County,* Dkt. No. 17; *Valdina,*

Dkt. No. 16) are denied without prejudice as unsupported by a showing of cause. Because

neither a Judgment nor even an "Aug[ust] 2023" Order has in fact been issued, the 30-day clock

governing the filing of Plaintiff's notice of appeal has not yet started to run. Fed. R. App. P. 4(a).

---

[5]     Incidentally, to the extent that Plaintiff is referring to the "Three-Strikes Rule" set
forth in 28 U.S.C. § 1915(g), he is respectfully advised that a distinct judge is not empowered to
excuse that statutory prohibition (which contains its own exception for instances of "imminent
danger for serious physical injury").

C.       **Referral to Chief Judge for Consideration of a Pre-Filing Order**

Because of Plaintiff's litigation history in the Northern District, the undersigned must decide whether to refer Plaintiff to Chief U.S. District Judge Brenda K. Sannes for consideration of whether to issue an Order to Show Cause directing him to explain why a Pre-Filing Order should not be issued against him.

It is well settled that "[a] district court may, in its discretion, impose sanctions against litigants who abuse the judicial process." *Shafii v. British Airways, PLC*, 83 F.3d 566, 571 (2d Cir. 1996). Where a litigant persists in the filing of vexatious and frivolous suits, it may be appropriate to place certain limitations on the litigant's future access to the courts. *See Hong Mai Sa v. Doe*, 406 F.3d 155, 158 (2d Cir. 2005) (citing *Iwachiw v. New York State Dep't of Motor Vehicles*, 396 F.3d 525, 528 [2d Cir. 2005]); *see also Shafii*, 83 F.3d at 571 ("The filing of repetitive and frivolous suits constitutes the type of abuse for which an injunction forbidding further litigation may be an appropriate sanction."). Before imposing such limitations, the court should consider the following:

> (1) the litigant's history of litigation and in particular whether it entailed vexatious, harassing or duplicative lawsuits; (2) the litigant's motive in pursuing the litigation, e.g., does the litigant have an objective good faith expectation of prevailing?; (3) whether the litigant is represented by counsel; (4) whether the litigant has caused needless expense to other parties or has posed an unnecessary burden on the courts and their personnel; and (5) whether other sanctions would be adequate to protect the courts and other parties.

*Iwachiw*, 396 F.3d at 528 (quoting *Safir v. United States Lines, Inc.*, 792 F.2d 19, 24 [2d Cir. 1986]).

Here, after carefully reviewing Plaintiff's litigation history, the undersigned has

8

concluded that grounds exist to refer Plaintiff to Chief U.S. District Judge Brenda K. Sannes for

consideration of whether to issue an Order to Show Cause directing him to explain why a Pre-

Filing Order should not be issued against him.  During a 22-day period last year, Plaintiff filed

eight *pro se* civil rights actions either in this District or in the Western District (before they were

transferred here).[6]  Each of those actions has either been dismissed or conditionally dismissed

(due to duplicativeness or the "Three Strikes Rule").[7]  Given Plaintiff's prior litigation

experience (which includes reasons to become familiar with the "Three Strikes Rule"), it is

difficult for the undersigned to imagine Plaintiff had an objective good-faith expectation in

prevailing in any of the actions listed in note 6 of this Decision and Order.  He has certainly

---

[6]     *See Grefer v. Cayuga County*, 22-CV-1400-BKS-DJS (N.D.N.Y. filed 12/27/22)
(Plaintiff's *in forma pauperis* application denied and his action closed); *Grefer v. Cayuga County
Sheriff*, 23-CV-0169-DNH-ATB (N.D.N.Y. transferred 02/07/23, after being filed in the
W.D.N.Y. on 01/18/23) (dismissing action without prejudice as a duplicate of prior habeas
corpus action); *Grefer v. Cornelius*, 23-CV-0172-GTS-ATB (N.D.N.Y. transferred 02/08/23,
after being filed in the W.D.N.Y. on 01/18/23) (Plaintiff's *in forma pauperis* application denied
and his Complaint conditionally dismissed); *Grefer v. Chirco*, 23-CV-0174-BKS-ML (N.D.N.Y.
transferred 02/08/23, after being filed in the W.D.N.Y. on 01/18/23) (Plaintiff's *in forma
pauperis* application denied and his Complaint dismissed); *Grefer v. Cayuga County Sheriff
Schenk*, 23-CV-0176-GTS-ATB (N.D.N.Y. transferred 02/07/23, after being filed in the
W.D.N.Y. on 01/18/23) (Plaintiff's *in forma pauperis* application denied and his Complaint
conditionally dismissed); *Grefer v. Cayuga County*, 23-CV-0177-GTS-ATB (N.D.N.Y.
transferred 02/09/23, after being filed in the W.D.N.Y. on 01/11/23) (Plaintiff's *in forma
pauperis* application denied and his Complaint conditionally dismissed); *Grefer v. NYS Dept/Bd.
of Educ.*, 23-CV-0178-MAD-ATB (N.D.N.Y. transferred 02/07/23, after being filed in the
W.D.N.Y. on 01/03/23) (Plaintiff's *in forma pauperis* application denied and his Complaint
dismissed); *Grefer v. Valdina*, 23-CV-0179-GTS-ATB (N.D.N.Y. transferred 02/08/23, after
being filed in the W.D.N.Y. on 01/18/23) (Plaintiff's *in forma pauperis* application denied and
his Complaint conditionally dismissed); *Grefer v. Smith*, 23-CV-0266-LEK-ML (N.D.N.Y.
transferred 02/28/23, after being filed in the W.D.N.Y. on 01/03/23) (Plaintiff's *in forma
pauperis* application denied and his Complaint conditionally dismissed).

[7]     *Id.*

imposed an unnecessary burden on the Court and its personnel through his improper filings.[8]
Finally, it is difficult for the undersigned to believe than a lesser sanction (such as a stern
warning) would be adequate to protect the courts and other parties from Plaintiff's future abuse
of the litigation process.[9]

**ACCORDINGLY**, it is

**ORDERED** that Magistrate Judge Baxter's consolidated Report-Recommendation
(*Cornelis*, Dkt. No. 8; *Schenk*, Dkt. No. 9; *Cayuga County*, Dkt. No. 9; *Valdina,* Dkt. No. 9) is
**ACCEPTED** and **ADOPTED** in its entirety; and it is further

**ORDERED** that Plaintiff's motions to proceed *in forma pauperis* (*Cornelius*, Dkt. No. 5;
*Schenk*, Dkt. No. 5; *Cayuga County*, Dkt. No. 4; *Valdina,* Dkt. Nos. 2, 5) are **DENIED** pursuant
to 28 U.S.C. § 1915(g); and it is further

**ORDERED** that each of the Complaints in the above-captioned actions (*Cornelis*, Dkt.
No. 1; *Schenk*, Dkt. No. 1; *Cayuga County*, Dkt. No. 1; *Valdina,* Dkt. No. 1) **shall be**
**DISMISSED without prejudice** and without further Order of this Court, unless, within
**THIRTY (30) DAYS** of the date of this Decision and Order, Plaintiff pays the Court's filing fee
of four hundred and two dollars ($402.00) in full **as to each  action**; and it is further

**ORDERED** that Plaintiff's motion for default judgment (*Cayuga County*, Dkt. No. 5) is
**DENIED without prejudice** as premature; and it is further

---

[8]     For example, the Court notes that Plaintiff has sought leave to file new civil rights
actions without setting forth his proposed complaints.  (*Cornelius*, Dkt. No. 15; *Schenk*, Dkt. No.
16; *Cayuga County*, Dkt. No. 16; *Valdina*, Dkt. No. 15.)

[9]     The Court notes that, because Plaintiff has been released from custody, he is no
longer subject to the "Three Strikes Rule" set forth in 28 U.S.C. § 1915(g).

**ORDERED** that, should Plaintiff comply with payment of the filing fee, the Clerk is directed to return the file(s) to Magistrate Judge Baxter for further review of Plaintiff's complaints in accordance with 28 U.S.C. § 1915A; and it is further

**ORDERED** that Plaintiff's motions to transfer the venue of these actions back to the Western District of New York (*Cornelius*, Dkt. No. 12; *Schenk*, Dkt. No. 13; *Cayuga County*, Dkt. No. 13; *Valdina*, Dkt. No. 13) are **DENIED** without prejudice; and it is further

**ORDERED** that Plaintiff's letter-motions requesting leave to file a new action (*Cornelius,* Dkt. No. 15; *Schenk*, Dkt. No. 16; *Cayuga County,* Dkt. No. 16; *Valdina,* Dkt. No. 15) are **DENIED** without prejudice; and it is further

**ORDERED** that Plaintiff's letter-motions requesting an extension of time to file a Notice of Appeal (*Cornelius,* Dkt. No. 16; *Schenk*, Dkt. No. 17; *Cayuga County,* Dkt. No. 17; *Valdina,* Dkt. No. 16)  are **DENIED** without prejudice.

**Plaintiff is referred to Chief U.S. District Judge Brenda K. Sannes for consideration of whether to issue an Order to Show Cause directing him to explain why a Pre-Filing Order should not be issued against him.**

Dated: September 8, 2023
      Syracuse, New York

Glenn T. Suddaby
U.S. District Judge